**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                        **Case No. 8:11-cr-363-T-23TBM**

**JESUS ALBERTO LARA FLOREZ,**

    **Defendant.**
                                    /

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Defendant's **Motion for Permission to Appeal in Forma Pauperis and Affidavit** (Doc. 239). Defendant has filed a Notice of Appeal (Doc. 237) of the Court's Order of February 13, 2017, denying his motion for a sentence reduction under Amendment 782 to the United States Sentencing Guidelines (USSG) (Doc. 231). By the instant motion, Defendant states he is incarcerated and earns only $150.00 per month, half of which he sends to his family. Thus, Defendant attests he is without sufficient money or assets to pay the fees and costs of an appeal.[1] The government has not yet filed a response but such is unnecessary. As explained below, I **RECOMMEND** that the motion be **DENIED**.

**I.**

Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915 govern the determination of applications to proceed *in forma pauperis* on appeal. *See Ex parte Chayoon*,

---

[1] The record reflects Defendant was represented by counsel appointed under the CJA (Doc. 11), and the Office of the Federal Public Defender (FPD) was appointed to represent him for the purposes of the Amendment 782 proceedings (Doc. 209).

2007 WL 1099088, No. 6:06-cv-1812-Orl-19JGG (M.D. Fla. Apr. 10, 2007). Rule 24(a) of the Rules of Appellate Procedure provides in part:

> **(1) Motion in the District Court**. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> **(A)** shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> **(B)** claims an entitlement to redress; and
>
> **(C)** states the issues that the party intends to present on appeal.
>
> **(2) Action on the Motion**. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.
>
> **(3) Prior Approval**. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> **(A)** the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding, or
>
> **(B)** a statute provides otherwise.

Fed. R. App. P. 24(a). Similarly, § 1915 provides, in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without

> prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> ***
>
> An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3). Thus, two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis*: (1) the party must show an inability to pay (or that the party previously was permitted to proceed in forma pauperis), and (2) the appeal must be brought in good faith.

## II.

Before addressing the motion, a brief overview of the course of proceedings is useful. Defendant was indicted in July 2011 for conspiring to possess with intent to distribute five kilograms or more of cocaine and for possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Doc. 20). In August 2011, he pleaded guilty to the conspiracy count pursuant to a plea agreement which stated the weight of the cocaine seized from the vessel was approximately 800 kilograms. (Doc. 58 at 12-13). On November 10, 2011, Defendant was sentenced to 168 months' incarceration in accordance with the advisory sentencing guidelines. (Docs. 117, 121). No appeal was taken from the Judgment.[2]

---

[2] Defendant filed a motion to vacate under 28 U.S.C. § 2255 in February 2013. (Doc. 188). The motion was dismissed as time-barred in May 2013. (Doc. 196).

3

On May 1, 2015, subsequent to the adoption of USSG Amendment 782, Defendant filed his *pro se* motion for a sentence reduction under Amendment 782. (Doc. 208). The FPD was appointed to assist him. (Doc. 209). In accordance with the practice in this district, the U.S. Probation Office submitted a memorandum wherein it concluded that Defendant was ineligible for a sentencing reduction under Amendment 782 because the drug quantity table remained the same in spite of the amendment. (Doc. 222). On February 10, 2017, the FPD filed a notice stating that based upon its diligent and thorough review of the record, it could not in good faith argue that Defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 because the amendment does not have the effect of lowering Defendant's base offense level. (Doc. 230 at 2). The Court denied Defendant's motion, concluding he was ineligible for a reduction in sentence because he was responsible for 913.5 kilograms of cocaine and his base offense level remained 38. (Doc. 231).

Here, Defendant satisfies that he is indigent. Nonetheless, the motion should be denied on substantive grounds. Construed liberally,[3] any basis for appeal appears frivolous and thus the appeal is not brought in good faith.[4] Given the quantity of cocaine involved, Defendant fails to assert an arguable, good faith basis to appeal the Court's Order denying his motion for a sentence

---

[3]The court should liberally construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

[4]Good faith is demonstrated by seeking appellate review of any issue that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An issue is frivolous when it appears that the legal theories are "indisputably meritless." *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

reduction. Application of Amendment 782 does not have the effect of lowering Defendant's base offense level. Accordingly, a reduction in the term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10.

In sum, Defendant is unable to demonstrate a nonfrivolous issue for appeal with respect to the Order denying his motion and I find his appeal both frivolous and lacking good faith.

**III.**

For the reasons stated above, it is **RECOMMENDED** that the Court **DENY** Defendant's **Motion for Permission to Appeal in Forma Pauperis and Affidavit** (Doc. 239) on grounds that the appeal is frivolous and certify that the appeal is therefore not taken in good faith. It is **RECOMMENDED** further that the Clerk be directed to notify the Court of Appeals of the above ruling in accordance with Rule 24(a)(4) of the Federal Rules of Appellate Procedure.

Respectfully submitted this
22nd day of April 2017.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B); M.D. Fla. R. 6.02.

Copies furnished to:
The Honorable Steven D. Merryday, United States District Judge
Counsel of Record
Pro se Defendant